IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN BOSEMAN #12442, | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-01050 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| RUTHERFORD COUNTY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Jonathan Boseman, an inmate at the Rutherford County Sheriff's Office, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), a motion to appoint counsel (Doc. No. 7), and an application to proceed as a pauper. (Doc. No. 8.) The sole Defendant is Rutherford County. (Doc. No. 1 at 1–2.) This case is before the Court for initial review. As explained below, the case may proceed for further development, and Plaintiff should consult the accompanying Order for further instructions.

I.  **Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff declares under penalty of perjury that he does not have any available funds, and an attached copy of his inmate trust account statement supports that declaration. (Doc. No. 8 at 3–7 (showing that Plaintiff has not maintained a positive account balance since May 2022).) Accordingly, although Plaintiff's trust account statement is not certified by a jail official, it is apparent that Plaintiff cannot pay the full filing fee in advance without undue hardship. Plaintiff's application, therefore, will be granted, and he will be assessed the filing fee in the accompanying Order. 28 U.S.C. § 1915(b).

## II. Initial Review

The Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). And because Plaintiff is representing himself, the Court must hold the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

### A. Allegations

This case concerns Plaintiff's request for religious reading material at the Rutherford County Adult Detention Center ("Jail"). Liberally construing the Complaint in Plaintiff's favor, as required at this stage in the case, he alleges as follows:

In November 2022, Plaintiff submitted a request for Wiccan reading material. (Doc. No. 1 at 5.) Four days later, Deputy Buford denied this request, stating, "We only supply NIV Bibles." (*Id.*) Plaintiff later submitted a second request for the same reading material, and Buford and Lieutenant Phillip Davis denied this request by supplying the same reasoning as when Buford denied the first request. (*Id.*) Plaintiff then filed grievances and went "back and forth" with Lt. Davis and a chaplain on this issue, to no avail. (*Id.*) Eventually, Plaintiff learned that the Jail has a policy to censor "any kind of religious material that jail administrators deem inconsistent with the core values of the Christian faith." (*Id.*)

### B. Legal Standard

On initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

    C.    <u>Analysis</u>

To state a Section 1983 claim, a plaintiff must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). Plaintiff meets the first requirement, as Rutherford County is a state actor under Section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As to the second requirement, *i.e.*, a deprivation of rights secured by federal law, Plaintiff asserts violations of the Establishment Clause of the First Amendment and the Equal Protection and Due Process Clauses of the Fourteenth Amendment.[1] (Doc. No. 1 at 5.) And to state a Section 1983 claim against Rutherford County for a violation of these constitutional provisions, Plaintiff must plausibly allege that the asserted constitutional deprivation was caused by a policy or custom of the County. *See Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92).

    1.    *Establishment Clause*

The Establishment Clause "prohibits the enactment of any law 'respecting an establishment of religion.'" *Maye v. Klee*, 915 F.3d 1076, 1084 (6th Cir. 2019) (quoting U.S. Const. amend. I).

---

[1] The First Amendment "applies to the States under the Due Process Clause of the Fourteenth Amendment." *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489 n.1 (1996) (collecting cases). And the Fourteenth Amendment applies to the States under its own terms. *See* U.S. Const. amend. XIV, § 1. It is unclear whether Plaintiff's reference to the Due Process Clause of the Fourteenth Amendment is an assertion of a separate due process claim unrelated to the First Amendment, or a recognition of the fact that the First Amendment is applicable to the states because it is deemed incorporated into the Fourteenth Amendment's Due Process Clause. In an abundance of caution, the Court considers below whether Plaintiff has stated a stand-alone claim under the Due Process Clause.

This Clause commands "that one religious denomination cannot be officially preferred over another." *Id.* (quoting *Larson v. Valente*, 456 U.S. 228, 244 (1982)). "An official who 'confers [a] privileged status on any particular religious sect' or 'singles out [a] bona fide faith for disadvantageous treatment' violates the Establishment Clause." *Id.* (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 724 (2005)).

Plaintiff's allegations, accepted as true, state an Establishment Clause claim. He allegedly requested Wiccan reading materials on two occasions, with Jail officials denying these requests by stating, "We only supply NIV Bibles." This alleged statement is consistent with Rutherford County's alleged policy of banning religious material at the Jail deemed "inconsistent with the core values of the Christian faith." This alleged policy confers a privileged status on Christianity. Plaintiff does not allege any explanation of Wiccan beliefs or practices, but without any further context at the pleading stage, the Court must construe the allegations that are present in Plaintiff's favor. In so doing, it is reasonable to infer that Plaintiff has Wiccan beliefs or practices, and that such beliefs are religious in nature so as to implicate the Establishment Clause. Accordingly, Plaintiff may proceed with an Establishment Clause claim against the County. *See Cutter*, 544 U.S. at 724.

2. *Equal Protection Clause*

The Equal Protection Clause "provides that a state may not 'deny to any person within its jurisdiction the equal protection of the laws.'" *Maye*, 915 F.3d at 1085 (quoting U.S. Const., amend. XIV, § 1). It "embodies the principle that all persons similarly situated should be treated alike." *Id.* (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006)). "[T]o establish an equal protection violation, a plaintiff must establish more than differential treatment alone—a discriminatory intent or purpose is required." *Koger v. Mohr*, 964 F.3d 532,

544 (6th Cir. 2020) (quoting *Maye*, 915 F.3d at 1085). Discriminatory intent is presumed, however, when a regulation burdens the exercise of a "fundamental right," such as the right to religious freedom. *Maye*, 915 F.3d at 1085–86. Then, the regulation "will be sustained only if it is 'suitably tailored to serve a compelling state interest.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (quoting *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985)).

Here, Plaintiff does not name any specific inmates who have been allegedly treated differently when requesting religious reading materials. But he alleges that the stated reason for denying his requests for Wiccan materials was that the Jail "only suppl[ies] NIV Bibles," which is consistent with Rutherford County's alleged policy of banning religious material at the Jail deemed "inconsistent with the core values of the Christian faith." Reading these allegations in Plaintiff's favor, as required, it is plausible that Plaintiff could develop facts reflecting that he was treated differently than inmates requesting Christian reading materials. And because Plaintiff's treatment, as alleged, burdened his right to religious freedom, the Court presumes a discriminatory intent. Accordingly, Plaintiff may proceed with an Equal Protection claim against the County on this basis. *See Koger*, 964 F.3d at 545 (inferring a discriminatory purpose sufficient to state an equal protection claim where a prisoner alleged that a regulation made "a facially discriminatory distinction between" religions, thus burdening the prisoner's "fundamental rights to religious freedom under the First Amendment (quoting *Maye*, 915 F.3d at 1086)).

      3.    *Due Process Clause*

"The Due Process Clause of the Fourteenth Amendment says that no state shall 'deprive any person of life, liberty, or property, without due process of law.'" *Schulkers v. Kammer*, 955 F.3d 520, 539 (6th Cir. 2020) (quoting U.S. Const. amend. XIV, § 1). It contains distinct substantive and procedural components. *See id.* ("This clause ensures fair process and safeguards

a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." (internal citations and quotation marks omitted)). Plaintiff does not specify the nature of his stand-alone Due Process claim, but whether the Court construes it as substantive or procedural, Plaintiff fails to state a claim.

Substantive due process is "[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (quoting *Bowers v. City of Flint*, 325 F.3d 758, 763 (6th Cir. 2003)). "The Supreme Court has repeatedly held," however, "that where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.'" *Kiser v. Kamdar*, 831 F.3d 784, 791 (6th Cir. 2016) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). Here, Plaintiff does not attempt to explain how any substantive due process claim is distinct from his more definite claims brought under the Establishment and Equal Protection Clauses. Therefore, any substantive due process claim will be dismissed. *See Maye v. Klee*, No. 14-10864, 2018 WL 3259786, at *12 (E.D. Mich. Jan. 24, 2018), *report and recommendation adopted*, 2018 WL 1384234 (E.D. Mich. Mar. 19, 2018) (explaining that this principle supports dismissal of substantive due process claims that directly overlap with claims brought under the Establishment and Equal Protection Clauses).

"Procedural due process is traditionally viewed as the requirement that the government provide a 'fair procedure' when depriving someone of life, liberty, or property." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). But Plaintiff does not state that he intends to pursue a claim under this theory of relief, and he provides little to no allegations regarding the procedure by which his

requests for religious reading material were denied. Plaintiff, instead, focuses on the denial itself. (*See* Doc. No. 1 at 5 (premising his claims on the County's alleged policy of censoring religious material).) Considering the allegations before the Court, the Court effectively would be creating a procedural due process claim on Plaintiff's behalf were the Court to recognize such a claim here. And it would be improper for the Court to do so. *See Lawhorn v. Buy Buy Baby, Inc.*, No. 3:20-cv-00201, 2021 WL 1063075, at *3 n.3 (M.D. Tenn. Mar. 19, 2021) (refusing to go beyond the Court's "legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party") (quoting *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985)). Plaintiff, therefore, fails to state a stand-alone claim under the Due Process Clause.

## III. Motion to Appoint Counsel

Plaintiff requests the appointment of counsel because he is indigent, unable to obtain a lawyer, and unable to engage in good-faith settlement negotiations with Rutherford County. (Doc. No. 7 at 1–2.) But "[i]t is the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule." *Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). Here, the circumstances alleged by Plaintiff are not exceptional, and he has been able to communicate with the Court and follow the Court's directions to this point. Accordingly, Plaintiff's motion will be denied, without prejudice to re-filing if Plaintiff can demonstrate exceptional circumstances at a later stage in the case.

## IV. Conclusion

For these reasons, the Court concludes that Plaintiff has stated claims against Rutherford County under the Establishment and Equal Protection Clauses for denying his requests for

religious reading material based on the County's alleged policy of banning religious material at the Jail that is deemed "inconsistent with the core values of the Christian faith." Plaintiff, however, fails to state a stand-alone due process claim.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE